**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America, | CR-09-712-PHX-DGC |
| Plaintiff, | **ORDER** |
| vs. | |
| Dennis Mahon (1); and Daniel Mahon (2), | |
| Defendants. | |

In an order dated March 26, 2010 (Doc. 289), the Court denied Defendants' motion to sever (Doc. 258). The Court concluded that joinder of Defendants is proper under Rule 8(b) of the Federal Rules of Criminal Procedure, that a joint trial is appropriate because Defendants are alleged to have knowingly taken part in the same conspiracy, and that severance is not otherwise required under Rule 14. Doc. 289 at 2-5.

Defendant Daniel Mahon has filed a second motion to sever pursuant to Rule 14. Doc. 475. The government has filed a response. Doc. 536. For reasons stated below, the Court will deny the motion.

Defendant asserts that the government will introduce at trial statements of his brother and alleged co-conspirator, Dennis Mahon. Doc. 475 at 2. A joint trial would violate his rights under the Confrontation Clause, Defendant argues, because he will have no opportunity to cross-examine Dennis. *Id.* In support of this argument, Defendant cites *Crawford v. Washington*, 541 U.S. 36 (2004), and *Bruton v. United States*, 391 U.S. 123 (1968). *Id.* at 2-3.

The Supreme Court held in *Crawford* that where testimonial evidence is at issue, "the Sixth Amendment demands what the common law required: unavailability and a prior opportunity for cross-examination." 541 U.S. at 68. The government notes, correctly, that "co-conspirator statements are not testimonial and therefore beyond the compass of *Crawford's* holding." *United States v. Allen*, 425 F.3d 1231, 1235 (9th Cir. 2005); *see United States v. Bridgeforth*, 441 F.3d 864, 869 (9th Cir. 2006) (noting that the admissibility of co-conspirator statements under Federal Rule of Evidence 801(d)(2)(E) survives *Crawford*).

In *Bruton*, the Supreme Court held that the admission of a nontestifying codefendant's confession that implicates the defendant violates the defendant's Sixth Amendment right to confrontation. 391 U.S. at 135-36. But a non-confessional "statement made by a co-conspirator during and in furtherance of the conspiracy [is] not barred by *Bruton*." *Allen*, 225 F.3d at 1235 n.5. Additionally, "[r]edaction of a nontestifying codefendant's confession, when accompanied by a proper limiting instruction, can prevent any *Bruton* violation." *United States v. Hoac*, 990 F.2d 1099, 1106 (9th Cir. 1993) (citing *Richardson v. Marsh*, 481 U.S. 200, 209, 211 (1987)).

Defendant asserts that the government, particularly through ATF agent Tristan Moreland, continues to falsely attribute actions and statements of Dennis Mahon to Defendant. Doc. 475 at 3. This purposeful "guilt by association" tactic, Defendant contends, will be unfairly prejudicial to him in a joint trial. *Id.* at 4-5. But counsel for Defendant will have a full opportunity to cross-examine Agent Moreland at trial and otherwise challenge actions and statements erroneously attributed to Defendant. The Court will instruct the jurors that they are to consider each defendant's guilt separately from the guilt of the other defendant. "The prejudicial effect of evidence relating to the guilt of co-defendants is generally held to be neutralized by careful instruction by the trial judge." *United States v. Escalante*, 637 F.2d 1197, 1201 (9th Cir. 1980).

"There is a preference in the federal system for joint trials of defendants who are indicted together." *Zafiro v. United States*, 506 U.S. 534, 537 (1993). "[A] district court

1  should grant a severance under Rule 14 only if there is a serious risk that a joint trial would
2  compromise a specific trial right of one of the defendants, or prevent the jury from making
3  a reliable judgment about guilt or innocence." *Id.* at 539.  Defendant has not established that
4  his Sixth Amendment right to confrontation will be infringed in a joint trial.  Nor has he
5  shown that a joint trial will be "'so manifestly prejudicial that it outweighs the dominant
6  concern with judicial economy and compels the exercise of the court's discretion to sever.'"
7  *United States v. Doe*, 655 F.2d 920, 926 (9th Cir. 1981) (quoting *United States v. Brashier*,
8  548 F.2d 1315, 1323 (9th Cir. 1976)).

9  **IT IS ORDERED** that Defendant Daniel Mahon's second motion to sever (Doc. 475)
10 is **denied**.
11 Excludable delay pursuant to U.S.C. § 18:3161(h)(1)(D) is found to commence on 8/11/2010
12 for a total of 38 days.
13      DATED this 17th day of September, 2010.

David G. Campbell
United States District Judge