**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America,<br><br>　　　　　　　Plaintiff,<br><br>vs.<br><br>Daniel Mahon (2),<br><br>　　　　　　　Defendant. | No. CR09-0712-02-PHX-DGC<br><br>**ORDER** |

Pending before the Court is Defendant Daniel Mahon's motion to compel. Doc. 1045. The government has filed a response (Doc. 1072) and Defendant has filed a reply (Doc. 1108). The Court heard oral argument on July 29, 2011. Although the motion originally requested a broad category of disclosures including diagrams and documents the government says are not in existence (Doc. 1045 at 1), defense counsel narrowed the motion during oral argument to include the tangible items used in connection with surveillance conducted at a campground in Catoosa, Oklahoma, on January 29, 2005. The government argues that Rule 16 of the Federal Rules of Criminal Procedure does not require disclosure of such items. Doc. 1072 at 3. For reasons that follow, the Court disagrees.

**I.　Background Information.**

In late 2004 and early 2005, the government conducted an undercover operation at a trailer park in Catoosa where Defendant Daniel Mahon and his brother Dennis were living. Doc. 1045 at 1-2. The government furnished a trailer with surveillance and

recording equipment, transported the trailer to the trailer park (*id.*), and assigned a confidential informant to live in the trailer and befriend Defendants (Doc. 1072 at 2). Government agents equipped a second trailer and a nearby hotel room with devices to monitor and record audio and video wireless transmissions from inside and around the informant's trailer. *Id.*

The government asserts that a recording device failed on January 29, 2005, and that the monitoring agents took contemporaneous notes of a conversation that occurred during the lapse in recording. Doc. 1045 at 2. The notes state that Daniel Mahon "made numerous statements about a statute of limitations, drive by shootings, using phosphorous in a condom to make an explosive, to name a few." *Id.* at 2-3. These are critical allegations in the case, and Daniel Mahon seeks to compel disclosure of the surveillance equipment and related tangible items to test the veracity of the government's assertion that agents were able to hear and record the conversation clearly.

**II.     The Scope of Disclosures Under Rule 16(a)(1)(E).**

Under Rule 16(a)(1)(E), the government must disclose any "books, papers, documents, data, photographs, tangible objects, buildings or places, or copies or portions of any of these items, if the item is within the government's possession, custody, or control and: (i) the item is material to preparing the defense[.]" *See United States v. Lehman*, 756 F.2d 725, 729 (9th Cir. 1985); *United States v. U.S. Dist. Ct., C.D. of Cal (DeLorean)*, 717 F.2d 478, 480 (9th Cir. 1983). To obtain discovery of items under subsection (i), a defendant "must make a threshold showing of materiality, which requires a presentation of 'facts which would tend to show that the Government is in possession of information helpful to the defense.'" *United States v. Santiago*, 46 F.3d 885, 894 (9th Cir. 1995) (quoting *United States v. Mandel*, 914 F.2d 1215, 1219 (9th Cir. 1990)); *United States v. Olano*, 62 F.3d 1180, 1203 (9th Cir. 1995) (stating that a prima facie showing of materiality requires a defendant to show "that the object would have been helpful to his or her defense.") (quoting *Mandel*, 914 F.2d at 1219). "A general description of the materials sought or a conclusory argument as to their materiality is insufficient to satisfy

the requirements of [Rule 16(a)(1)(E)(i)]." *United States v. Cadet*, 727 F.2d 1453, 1468 (9th Cir. 1984); *see Santiago*, 46 F.3d at 894.

### III. Discussion

Defendant argues that the tangible surveillance items used in the government's operation in Catoosa are "key and material to the defense of this case," and without them "the defense is unable to investigate the claim that these agents took contemporaneous, verbatim notes of entire sentences allegedly made by Daniel Mahon." Doc. 1045 at 3. The government makes two primary arguments in response: (1) because Defendant's statements were not recorded by the equipment and there is no dispute that the equipment worked before and after the gap in recordings, the equipment is not relevant, Doc. 1072 at 2-3, and (2) the requested items are not material to preparing a defense in this case, *id.* at 4, 5.[1]

The Court must determine whether Defendant has made a prima facie showing of materiality by alleging "specific facts, beyond allegations," that tend to show that the requested surveillance equipment is helpful to his defense. *Id.* at 895; *see Mandel*, 914 F.2d at 1219. After reviewing defense counsel's arguments at the hearing on July 29, 2011, the Court finds that Defendant has made such a showing.

At the hearing, defense counsel stressed that when Agent Moreland testified before the grand jury, some grand jurors questioned the reliability of the actual recordings made at the Catoosa campground because so many of them were inaudible. Agent Moreland attributed the poor audio quality to traffic noise, a nearby highway, and CB trucks making calls on the highway. In light of this testimony, defense counsel argued that the hardly-audible recordings presumably were made on an actual hardline, whereas the agents monitoring Daniel Mahon's alleged conversation with informant were listening through a wireless microwave feed which may be of lesser quality. Defense counsel argued that examination of the equipment is needed to assess the veracity of the

---

[1] In the hearing on July 29, 2011, the government conceded that the requested equipment constitute "tangible object[s]" under Rule 16.

agents' assertions that they could hear Daniel Mahon's comments clearly enough to record them verbatim.

The Court finds these facts sufficient to support a finding that the requested tangible items are material to preparation of the defense. The fact that some of the recordings were inaudible raises an important question – whether agents monitoring the conversation from a distance were able to hear clearly enough to record verbatim the statements made by Daniel Mahon. Allowing Defendant's team to examine the actual equipment used in the surveillance will shed light on whether the equipment was capable of providing the clarity claimed by the agents. Because the conversation is central to the government's case against Daniel Mahon, the Court concludes that examination of the equipment is material to preparing his defense. The motion to compel will be granted subject to the government's legitimate security concerns, as discussed below.

**IV. Government's Operational Security Interest**

The government argues that "Defendant's request also infringes upon the government's interest in future operation security." Doc. 1072 at 5:18-19. The government shall file within seven days of this order a list of all equipment and related tangible items used in connection with the undercover surveillance operation in Catoosa, and a memorandum regarding those items on the list that the government claims should not be disclosed because of law enforcement sensitivity. Defendant shall file a response within seven days after service of the memorandum. After reviewing the parties' memoranda, the Court will enter an order regarding the items on the list that must be produced to Defendant by the government.

**IT IS ORDERED:**

1. Defendant Daniel Mahon's motion to compel (Doc. 1045) disclosure of available surveillance equipment and related tangible items is **granted** subject to the government's legitimate security concerns.

2. The government shall file within **seven days** of this order a list of all equipment and related tangible items used in connection with the

| | |
|---|---|
| 1 | undercover surveillance operation in Catoosa and a memorandum regarding |
| 2 | which items should not be disclosed in the interest of the government's |
| 3 | future operational security. Defendant shall file a response within **seven** |
| 4 | **days** after service of the memorandum. |

Excludable delay pursuant to U.S.C. § 18:3161(h)(1)(D) is found to commence on June 21, 2011 for a total of 53 days.

Dated this 12th day of August, 2011.

_____
David G. Campbell
United States District Judge