```
                    IN THE UNITED STATES DISTRICT COURT
                        FOR THE DISTRICT OF ARIZONA
                           CRIMINAL MINUTES-MOTIONS
```

Phoenix Division

**CR 09-00712-1 PHX DGC**         DATE: 1/3/2012
Year    Case No.    Dft #

HON: DAVID G. CAMPBELL                          Judge # 7031

USA v. MAHON, DENNIS
         Last name       First Name             Middle
DEFENDANT TRUE NAME:

DEFENDANT: X Present   Not Present   Released X Custody    Wr
Deputy
Clerk: Traci C. Abraham         CtRptr  Patricia Lyons
U.S Atty: John Boyle/Michael Morrissey     Dft Atty: Deborah Williams/Milagros (FPD)
Interpreter:      Language:
================================================================
___ Dft not appearing, on mot of US Atty, order bond revoked/forfeited and
    B/W issued.
**PROCEEDINGS**:     X    Open Court         Chambers          Other

Other Appearances: Defendant Daniel Mahon, present/custody; CJA Attorney Barbara Hull present

Motion and Pretrial hearing held.

Defendant's motions to dismiss (docs. 1336 and 1348) discussed and argued to the Court.

The Court concludes that the ROI 308, the companion memorandum and the handwritten notes are Jencks Act material. The Court finds that it is debatable whether they are also Brady materials, but if they are their disclosure is governed by the Jecnks Act. The Court further finds that the 12 day delay between disclosure of ROI 308 on December 2, 2011 and the disclosure of the backup handwritten notes December 14, 2011 is not sufficient to warrant dismissal of this case or to preclude Mr. Scott from testifying.

The motions to dismiss (docs. 1336 and 1348) are denied.

Defendant's objections to transcripts discussed. Government motion to strike (doc. 1365) is denied. Defendants object to any use of transcripts during trial.

Objections to transcripts and rulings are as follows: E23 (2-2-05)-Resolved; E23-Resolved; E27(2-2-2055) objections overruled; E27 noise objection overruled; E43 objection overruled; E32 objection sustained; E33 (5-4-2006) Government to put an ellipsis in place of the word "I" and the parties can argue whether it is word I

or a stutter; E43 Part 2 objection sustained; E109 ruling on foundation objection reserved until trial; E211-Resolved; E217-Resolved; WT1604 objection taken under advisement; WT2026 Evidence will not be hearsay evidence, Court will instruct the jury to consider the statements of Mr. Kountz solely for context and not for the truth of the matter asserted; WT2067 objection overruled; WT2194 same ruling as WT2026; WT2367 objection under advisement; WT3133 same ruling as WT2026 and WT2194; WT3287 objection taken under advisement.

Proposed final jury instructions discussed.

Waters Review re: Exhibits objections (doc. 1359) discussed. Matter taken under advisement.

Motion in limine defendant's trial exhibits is denied with respect to the Anderson lawsuit, but without prejudice to the court evaluation of motion to exclude third party defense evidence (doc. 1387). Response is due 1/7/2012 at 9:00 a.m.

Motion to preclude statement (doc. 1366) taken under advisement.
Motion in limine Kountz statements (doc. 1355) is denied.

Notice re: use of the word terrorism in Court 1 discussed. Parties in agreement that the Court should read the superseding indictment (doc. 476) to the jury. Defense requests the word terrorism be redacted from the superseding indictment. Court previously ruled the word terrorism was prejudicial. Court will strike the words "of terrorism" in line 5 and everything after the comma on the line that is between 14 and 15 of the superseding indictment. Parties to review the superseding indictment before trial on Tuesday to make sure nothing else in there should be removed before reading to the jury.

Motion to sever (doc. 1386) is denied. The motion does not meet the 3 elements of the Reese case.

Jury selection, voir dire, and preliminary instructions discussed. The Court will proceed as previously planned. If the parties find a particular question may bring an inflammatory answer, do not ask in front of entire panel but ask for a side bar at conclusion of the follow up questions.

Parties to submit a joint witness list to be read to the jury. Security in courtroom during trial discussed.

Defendant Dennis Mahon's challenges for cause of potential jurors discussed. Co-defendant joins. The following jurors are stricken for cause: 111, 28, 113, 404, 29, 376, 425. The motion is denied as to jurors 90, 110, 129, 395, 456. The Court excuses the following jurors for hardship with no objections from counsel: 15, 29, 295, 309, 421.

Parties to submit marked exhibits to the courtroom deputy no later than 4:00 p.m. on January 6, 2012. Impeachment exhibits no later than 10:00 a..m. on January 9, 2012. Parties to be present at 8:30 a.m. on 1/10/2012. Marshals to have defendants in the courtroom no later than 8:15 a.m. to finish dressing.

Motion to withdraw document 1344 (doc. 1346) is denied.

4:48 Hearing concludes.

4:48-4:54 Ex Parte Hearing held with Defense counsel and defendants only. This portion of the transcript is sealed.


cc: all counsel
Time in Court: 3 hours and 50 minutes