ANN BIRMINGHAM SCHEEL
Acting United States Attorney
District of Arizona

MICHAEL T. MORRISSEY
Assistant U.S. Attorney
Arizona State Bar No. 012531
JOHN BOYLE
Assistant U.S. Attorney
Arizona State Bar No. 015640
Two Renaissance Square
40 N. Central Avenue, Suite 1200
Phoenix, Arizona 85004-4408
Telephone: (602) 514-7500
john.boyle@usdoj.gov

UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America<br><br>      Plaintiff,<br><br>   v.<br><br>Dennis Mahon<br>Daniel Mahon,<br><br>      Defendants. | CR-09-00712-PHX-DGC<br><br>**GOVERNMENT'S TRIAL BRIEF REGARDING COCONSPIRATOR EMAIL** |

The government intends to offer for admission Government Exhibit 170; upon consultation with defense counsel the government recognizes that the admissibility of this Exhibit is in dispute and will require a ruling by the Court. Exhibit 170 is an email sent by a coconspirator to a third party not involved in the conspiracy. In support of its position that the email was in furtherance of the conspiracy, the government cites *United States v. Maldonado-Rivera*, 922 F.2d 934 (2d Cir. 1990). In that case, eleven months after defendants robbed a bank, a communique was sent to the press, taking credit for the robbery. Id. at 945-46. The district court admitted the communique upon finding that it was in furtherance of the conspiracy. The Court found:

> [W]e find no clear error in the district court's conclusion that the communiqué satisfied the "in furtherance" element of Rule 801(d)(2)(E). Though defendants argue that the communiqué could not have been in furtherance of the conspiracy because it stated that 'all of the phases of said operative took a year and a half to complete,' thereby indicating that the conspiracy had ended, and this was perhaps an arguable view, it was also permissible to draw the contrary inference. The tone of the communiqué reflected an ongoing operation contemplating the use of the robbery proceeds. The document stated that the September 1983 robbery had made a $7 million contribution to the organization's funds, and the money was 'in a state

Case 2:09-cr-00712-DGC   Document 1475   Filed 01/19/12   Page 2 of 2

of maximum security.' The government's evidence . . . likewise showed a continuing conspiracy that encompassed not just the robbery of the Wells Fargo depot and transportation of the money from the mainland United States, but also plans for the use of the robbery proceeds. . . ......... ***Finally, since the 'Report of the Central Committee to the Congress' suggested that the organization's prestige was enhanced through the use of press communiqués, this communiqué could properly be viewed as an effort to gain public approbation for the conspirators' prior actions and their future use of the robbery proceeds***. In all the circumstances, we conclude that the trial court's finding that the communiqué was in furtherance of the conspiracy was not clearly erroneous.

Id. at 959 (emphasis added). The government notes that Exhibit 170 is similar to Overt Act #1 of the indictment, and served the same function of credit claiming and seeking support for actions of the conspirators. Upon proper authentication, the Exhibit is admissible.

Respectfully submitted this 19th day of January, 2012.

ANN BIRMINGHAM SCHEEL
Acting United States Attorney
District of Arizona

s/ *Michael Morrissey*
MICHAEL MORRISSEY
Assistant U.S. Attorney

CERTIFICATE OF SERVICE

I hereby certify that on January 19, 2012, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the following CM/ECF registrants:

Deborah L. Williams, Attorney for Dennis Mahon
Barbara L. Hull, Attorney for Daniel Mahon

JB/ceb

2