ANN BIRMINGHAM SCHEEL
Acting United States Attorney
District of Arizona

JOHN BOYLE
Assistant U.S. Attorney
Arizona State Bar No. 015640
MICHAEL T. MORRISSEY
Assistant U.S. Attorney
Arizona State Bar No. 012531
Two Renaissance Square
40 N. Central Avenue, Suite 1200
Phoenix, Arizona 85004-4408
Telephone: (602) 514-7500
john.boyle@usdoj.gov

UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>Dennis Mahon<br>Daniel Mahon,<br><br>　　　　Defendants. | CR-09-00712-PHX-DGC<br><br>**GOVERNMENT'S SUPPLEMENTAL BRIEFING REGARDING FINAL JURY INSTRUCTIONS** |

The government hereby supplements its response regarding the jury instructions in this case.

**Request to Withdraw Pinkerton Instruction**

The government withdraws its request for Model Instruction 8.25 (Conspiracy--Liability for Substantive Offense Committed by Co-Conspirator (Pinkerton Charge)).

**Counts One and Two**

The government objects to any additional elements regarding Counts One and Two that are based upon First Amendment arguments. The First Amendment does not apply to Count Two, which charges the Scottsdale bomb incident. Bombing Donald Logan and others at the City of Scottsdale was not protected speech, and there cannot be dispute on this point. Consequently, there can be no First Amendment protection regarding Count One charging a conspiracy to bomb and burn buildings.

The government supplements its previous briefing on this issue. Numerous courts have affirmed the rejection of First Amendment protections applying to conspiracy charges. In United States v. Rowlee, 899 F.2d 1275 (2d. Cir. 1990), the court affirmed convictions of conspiracy and tax-related counts where the district court declined to add a First Amendment element to the conspiracy charge. The court stated:

> Title 18, section 371, of the United States Code makes it unlawful for two or more persons to conspire to defraud the United States or any agency thereof. The district court did not err in instructing the jury that a First Amendment defense was not applicable to the charge of violating this statute, which, the court said, punishes the act of conspiracy and does not implicate speech. " 'It rarely has been suggested that the constitutional freedom for speech ... extends its immunity to speech or writing used as an integral part of conduct in violation of a valid criminal statute.' " New York v. Ferber, 458 U.S. 747, 761–62...(1982) (quoting Giboney v. Empire Storage & Ice Co., 336 U.S. 490, 498...(1949)). Put another way, "[S]peech is not protected by the First Amendment when it is the very vehicle of the crime itself. E.g., ... 18 U.S.C. §§ 371–372 (1964) (Conspiracy)." United States v. Varani, 435 F.2d 758, 762 (6th Cir.1970).

Rowlee, at 1278.

The district court in United States v. Stone, 2011 WL 795164, 4 (E.D.Mich.,2011) authored a six-page opinion discussing conspiracy and free speech. The court rejected defendant's motion to dismiss stating that "[t]he Government is not prosecuting these Defendants solely on the basis of their speech and its likelihood to incite violence in others. Defendants are accused of conspiring to commit unlawful acts against the United States Government, and not merely of expressing unpopular ideas that might incite others to rise up against the Government." Stone, at 4. *See also* [1] , United States v. Bell, 414 F.3d 474, 482 n. 8 (3d Cir.2005) (emphasis added) ("Brandenburg clearly does not apply to the kind of unprotected or unlawful speech or speech-acts (e.g. aiding and abetting, extortion, criminal solicitation, *conspiracy*, harassment,

---

[1] The cases cited are copied from United States v. Stone, 2011 WL 795104, 8 (E.D.Mich.,2011)("A number of courts have recognized this distinction between mere advocacy or conspiracy to advocate, which is subject to the Brandenburg test, and conspiracy to engage in otherwise unlawful, unprotected conduct, which is not subject to the Brandenburg test.").

or fighting words) at issue ... here."); United States v. Livdahl, 459 F.Supp.2d 1255, 1268 (S.D.Fla.2005) ( Brandenburg inapplicable to charge of conspiracy to commit mail and wire fraud because "[u]nlike the appellant in Brandenburg, defendant is not charged [with] mere advocacy of unlawful conduct."); United States v. Sattar, 395 F.Supp.2d 79, 102 (S.D.N.Y.2005) ( "Brandenburg and its progeny are not applicable here, where Abdel Rahman was found to have participated in the Count Two conspiracy to murder, rather than having merely engaged in advocacy."), aff'd, 590 F.3d 93 (2d Cir.2009); United States v. Dellacroce, 625 F.Supp. 1387, 1391 (E.D.N.Y.1986) ("Nor does Count One charge, in alleged violation of the First Amendment, simply an agreement to advocate or to assemble to advocate crimes. Brandenburg ... is thus not pertinent. The charge is that defendants conspired to do something against the law, that is, to participate in the conduct of an enterprise through a pattern of racketeering activity.").

**Count Three**

The Court's initial proposed Jury Instruction (Dkt. 1507, pg 24) was correct in not including defendant's requested imminence language.   The government's response to defendant's proposed instruction (Dkt. 1384-1, pg 23) notes that Section 842 reaches prohibited conduct that is carried out through speech.

The Court has raised whether *United States v. Freeman*, 761 F.2d 549 (9th Cir. 1985) supports the inclusion of an imminence element. The *Rowlee* Court specifically commented on the *Freeman* case, and noted the irrelevance and redundancy of imminence language where it is already incorporated into the concept of the criminal statute. The Court stated:

> [i]f the defendants did violate section 7602(2), they were not protected by the First Amendment. Insofar as Rowlee commented generally on the tax laws during his seminars without aiding, assisting, procuring, counseling or advising the preparation or presentation of the alleged false or fraudulent tax documents, he did not violate section 7206(2). Accordingly, as to those comments, the question of First Amendment protections was redundant and irrelevant. Before the court below even discussed the First Amendment, it charged the jury that, in order to convict the defendants of violating section 7206(2), it had to find first that the defendants assisted, presented, counseled, advised or caused the preparation or presentation of the W-4 forms or amended returns at issue in the case. Unless the jury made that finding, the defendants had to be acquitted on these counts. If their general comments did not violate section 7206(2), whether or not those comments were entitled to First Amendment protection was irrelevant. The district court's charge on this point simply complicated the case by

3

requiring the jury to consider a duplicative and unnecessary issue and would better have been omitted.

*Rowlee,* 899 F2d at 1280. Even the *Freeman* Court noted, 761 F.2d at 552, that "[c]ounseling is but a variant of the crime of solicitation and the First Amendment is quite irrelevant if the intent of the actor and the objective meaning of the words used are so close in time and purpose to a substantive evil as to become part of the ultimate crime itself." Here, in the specific time frame of Count Three, if defendant taught the informant certain information, with intent that it be used in furtherance of a Federal crime of violence, then defendant violated Section 842(p). The proof at trial has been sufficient to demonstrate that the teaching was not abstract advocacy. This Court should follow *Rowlee* and find that *Freeman* and *Brandenburg* do not require injection of the First Amendment into a statute that does not implicate protected speech.

Respectfully submitted this 16th day of February, 2012.

ANN BIRMINGHAM SCHEEL
Acting United States Attorney
District of Arizona

s/ *John Boyle*
JOHN BOYLE
Assistant U.S. Attorney

CERTIFICATE OF SERVICE

I hereby certify that on February 16, 2012, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the following CM/ECF registrants:

Deborah L. Williams, Attorney for Dennis Mahon
Barbara L. Hull, Attorney for Daniel Mahon

JB/ceb

4

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28